**In re Harland STRICKLAND, Appellant.**

**No. 91–1018.**

District of Columbia Court of Appeals.

Argued Sept. 26, 1991.
Decided Sept. 27, 1991.

Chukwuma I. Odelugo, Washington, D.C., for appellant.

Charles M. Rust–Tierney, Alexandria, Va., with whom James Klein and Harry J. Fulton, Washington, D.C., were on the pleadings, for amicus curiae, the Public Defender Service.

Edward E. White, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Ann O'Regan Keary, Deputy Corp. Counsel, Washington, D.C., were on the opposition to the motion for summary reversal, for appellee Saint Elizabeths Hosp.

Before TERRY and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On August 28, 1991, pursuant to the emergency admission procedures of the District of Columbia Hospitalization of the Mentally Ill Act, commonly known as the Ervin Act, D.C.Code §§ 21–521 through 21–528 (1989), appellant was involuntarily admitted to Saint Elizabeths Hospital for emergency observation and diagnosis. *See* D.C.Code § 21–522. The next day, August 29, the hospital filed a petition for an order authorizing appellant's continued hospitalization, and at 11:51 a.m. that day a Superior Court judge granted the motion and issued the requested order. The petition was filed pursuant to D.C.Code § 21–523, which requires the hospital to release an emergency patient admitted under section 21–522 within forty-eight hours unless the hospital "has, within that period, filed a written petition with the court for an order authorizing the continued hospitalization of the person for emergency observation and diagnosis for a period *not to exceed 7 days from the time the order is entered*" (emphasis added).

---

**19.** We would clarify only by noting again the     remaining life of the temporary repealer.

On September 5, seven days later, at 1:51 p.m., the hospital filed a petition for judicial hospitalization pursuant to D.C.Code § 21–541. Appellant thereupon filed a motion seeking his release from the hospital on the ground that the petition was untimely, arguing that seven days "from the time the order is entered," as used in section 21–523, must be construed to mean seven days to the exact hour and minute—in this case, seven days from 11:51 a.m. on August 29, which would be 11:51 a.m. on September 5. Since the petition for judicial hospitalization was not filed until 1:51 p.m. on the latter date, appellant maintained, it was untimely, and he was entitled to be released immediately. The trial court denied the motion for release. From that denial appellant has brought this appeal and now moves for summary reversal. We grant the motion.

In *In re Reed*, 571 A.2d 801 (D.C.1990), a patient was hospitalized under similar circumstances, but the hospital did not file the petition for hospitalization under section 21–541 until the eighth day after the request for a seven-day order under section 21–522. We held that the section 21–541 petition was untimely filed and ordered its dismissal. In reciting the facts of that case, we made clear that section 21–523 should be interpreted to mean that the seven days expired precisely seven days, to the hour and minute, after the order of temporary commitment was entered. The order having been filed at 12:20 p.m. on February 23, we said that Reed's "period of confinement was due to expire at 12:20 p.m. on March 2," seven days later. *In re Reed, supra,* 571 A.2d at 801. Although that language was dictum in the context of the *Reed* case, we adopt it as our holding here. Construing section 21–523, we hold that the word "time" refers to the time of day, and that seven days "from the time the order was entered" means exactly seven days from the hour and minute when the order of temporary commitment was entered.

It is therefore ORDERED and ADJUDGED that appellant's motion for summary reversal is granted, and the order from which this appeal is taken is hereby reversed. This case is remanded to the trial court with directions that appellant be released forthwith. It is

FURTHER ORDERED that the Clerk shall issue the mandate forthwith.